IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, WESTERN-SOUTHERN LIFE ASSURANCE COMPANY, COLUMBUS LIFE INSURANCE COMPANY, INTEGRITY LIFE INSURANCE COMPANY, and NATIONAL INTEGRITY LIFE INSURANCE COMPANY | : | Case No. 1:11-cv-667 |
| | : | Judge: Spiegel |
| Plaintiffs, | : | Removed from: Court of Common Pleas of Hamilton County, Ohio, No. A1106524 |
| v. | : | **NOTICE OF REMOVAL** |
| BANK OF AMERICA, N.A., BANC OF AMERICA FUNDING CORPORATION, BANC OF AMERICA MORTGAGE SECURITIES, INC., and BANC OF AMERICA SECURITIES L.L.C., | : | |
| Defendants. | : | |

PLEASE TAKE NOTICE that Bank of America, N.A., Banc of America Funding Corporation, Banc of America Mortgage Securities, Inc., and Banc of America Securities L.L.C. (collectively, the "Removing Defendants"), hereby remove Case No. A1106524, filed in the Court of Common Pleas of Hamilton County, Ohio, to the United States District Court for the Southern District of Ohio.[1] Because this action is "related to" bankruptcy proceedings arising under Title 11 of the United States Code, this action is removable pursuant to 28 U.S.C. §§ 1334 and 1452.

[1] The Removing Defendants appear for the purpose of removal only and for no other purpose. In removing this action, the Removing Defendants expressly preserve and do not waive any and all rights, claims, and defenses of any nature whatsoever, including, without limitation, all defenses relating to jurisdiction, venue, and arbitrability.

## I. PROCEDURAL HISTORY AND BACKGROUND

1. On or about August 18, 2011, Plaintiffs The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, and National Integrity Life Insurance Company (collectively, "Plaintiffs") commenced this action (the "State Court Action") by filing a Summons and Complaint in the Court of Common Pleas of Hamilton County, Ohio, captioned Western and Southern Life Insurance Co., et al. v. Bank of America, N.A., et al. (the "Complaint").

2. Plaintiffs allege that they purchased residential mortgage-backed securities in the form of pass-through certificates in certain securitization transactions (the "Certificates"), Compl. ¶ 44, and that various Defendants were either sponsor, underwriter and/or depositor in connection with the relevant transactions. Id. at ¶ 17-20.

3. Plaintiffs also allege that Defendants made intentional and/or negligent misrepresentations about the riskiness and credit quality of the mortgage loans underlying the Certificates (the "Mortgage Loans") in registration statements, prospectuses, prospectus supplements, and other written materials (collectively, the "Offering Materials"). Id. at ¶ 1. Plaintiffs further allege that the Offering Materials contained misrepresentations about, inter alia, underwriting guidelines, the percentage of non-conforming loans, owner occupancy statistics, loan-to-value ratios, and credit ratings. Id. at ¶ 5, 53, 194, 204, 213.

4. Plaintiffs purport to bring claims against the Removing Defendants under the Ohio Securities Act and common law based on alleged misstatements and/or omissions of material fact in connection with their purchases of the Certificates at issue. Id. at ¶ 231-267.

5. The allegations against the Removing Defendants arise in part from Certificates backed by Mortgage Loans originated or acquired by entities that have filed petitions for relief under the United States Bankruptcy Code, or whose parent corporations have filed petitions for relief under the United States Bankruptcy Code. For this reason, removal to this Court pursuant to 28 U.S.C. § 1452(a) is proper because this Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b).

6. Pursuant to an agreement between the parties, the Removing Defendants' time to respond to the Complaint has not expired, and none of the Removing Defendants have pleaded, answered, or otherwise appeared in the State Court Action (other than counsel's filing a notice of appearance to receive case documents).

7. No motions or other proceedings in this action are pending in the State Court Action.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

8. The Removing Defendants received the Summons and Complaint on August 25, 2011. In accordance with 28 U.S.C. § 1446(a), copies of the Summons and Complaint, as well as all process, pleadings, and orders that are served in this action or that are presently and publicly available are attached hereto as Exhibit A.

9. Removal is timely under 28 U.S.C. § 1446(b) because the Removing Defendants filed this Notice of Removal within thirty days after receipt of the Complaint.

10. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because this district embraces the Court of Common Pleas of Hamilton County, Ohio, in which the State Court Action was originally pending. See 28 U.S.C. § 112(b).

11. In accordance with 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Hamilton County, Ohio. The Removing Defendants will promptly serve all parties with a copy of this Notice of Removal.

12. All Defendants have been duly served and consent to and join in this Notice of Removal, subject to and without waiving any defenses and rights available to them.

13. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

## III. BASIS FOR "RELATED TO" BANKRUPTCY JURISDICTION

14. This Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court pursuant to 28 U.S.C. § 1452(a).

15. The allegations against the Removing Defendants arise in part from Certificates backed by Mortgage Loans originated or acquired by entities that have filed petitions for relief under the United States Bankruptcy Code, or whose parent corporations have filed petitions for relief under the United States Bankruptcy Code (the "Bankrupt Originators"). The Bankrupt Originators include, but are not limited to: Washington Mutual Bank; Lehman Brothers Bank, F.S.B.; and Taylor, Bean & Whitaker Mortgage Corp.

16. On September 26, 2008, Washington Mutual Bank's parent, Washington Mutual, Inc., filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, In re Washington Mutual, Inc., Case No. 08-12229 (the "Washington Mutual Bankruptcy Proceedings"). The Washington Mutual Bankruptcy Proceedings currently are pending before United States Bankruptcy Judge Mary Walrath.

17. On September 15, 2008, Lehman Brothers Bank, F.S.B.'s parent, Lehman Brothers Holdings, Inc., filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, In re Lehman Brothers Holdings Inc., Case No. 08-13555 (the "Lehman Bankruptcy Proceedings"). The Lehman Bankruptcy Proceedings are currently pending before United States Bankruptcy Judge James Peck.

18. On August 24, 2009, Taylor, Bean & Whitaker Mortgage Corp. filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, In re Taylor, Bean & Whitaker Mortgage Corp., Case No. 09-7047 (the "Taylor, Bean & Whitaker Bankruptcy Proceedings"). The Taylor, Bean & Whitaker Bankruptcy Proceedings are currently before United States Bankruptcy Judge Jerry Funk.

19. Pursuant to agreements containing certain indemnification provisions for the benefit of the Removing Defendants, and/or pursuant to statutory and common law, the Bankrupt Originators owe the Removing Defendants indemnification and/or contribution obligations for any claims arising out of the public offering of Certificates relating to the

Mortgage Loans that they originated. Such claims include, without limitation, Plaintiff's claims in this lawsuit arising out of such Mortgage Loans. Attached hereto as exhibits B-F are copies of excerpts from the relevant agreements between the Removing Defendants and the Bankrupt Originators.

20. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court by the Removing Defendants pursuant to 28 U.S.C. § 1452(a), because this lawsuit is "related to" the bankruptcy cases described above. See, e.g., In re Dow Corning Corp., 86 F.3d 482, 488-94 (6th Cir. 1996); In re Nat'l Century Fin. Enterprises, Inc., Inv. Litig., 323 F. Supp. 2d 861, 867-71 (S.D. Ohio 2004). This lawsuit relates to the Bankrupt Originators' bankruptcy proceedings described in ¶¶ 16-18 above because the Bankrupt Originators owe the Removing Defendants indemnity and/or contribution obligations which, as a result of any costs and expenses incurred by any of the Removing Defendants to defend this Action and any judgment against any of the Removing Defendants, could affect the property of the Bankrupt Originators. An indemnity obligation of this type directly affects the property of the Bankrupt Originators, and thus gives rise to "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b). See, e.g., In re Dow Corning Corp., 86 F.3d 482, 488-94 (6th Cir. 1996).

21. This is not a core proceeding under 28 U.S.C. § 157(b) or Federal Rule of Bankruptcy Procedure 9027(a)(1). The Removing Defendants do not consent to entry of final orders or judgment by any bankruptcy judge.

22. The Removing Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## IV. CONCLUSION

23. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) and this action may be removed to this Court pursuant to 28 U.S.C. § 1452(a).

Respectfully submitted,

/s/ Charles J. Faruki
Charles J. Faruki (0010417)
Trial Attorney
Daniel J. Donnellon (0036726)
Stephen A. Weigand (0083573)
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street
Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0300
Telecopier: (513) 632-0319
Email: cfaruki@ficlaw.com

Mitchell A. Lowenthal (*pro hac vice to be submitted*)
Meredith Kotler (*pro hac vice to be submitted*)
Jared Gerber (*pro hac vice to be submitted*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2760
Telecopier: (212) 225-3999
Email: mlowenthal@cgsh.com

Attorneys for Defendants Bank of America, N.A., Banc of America Funding Corporation, Banc of America Mortgage Securities, Inc., and Banc of America Securities L.L.C.

563941.1

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Notice of Removal has been served via regular U.S. mail, postage prepaid, upon the following counsel of record, this 26th day of September, 2011:

Glenn V. Whitaker
Eric W. Richardson
Adam C. Sherman
Erik B. Bond
VORYS, SATER, SEYMOUR AND PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, OH 45202

Attorneys for Plaintiffs
The Western and Southern Life Insurance Company,
Western-Southern Life Assurance Company,
Columbus Life Insurance Company, Integrity Life
Insurance Company, and National Integrity Life
Insurance Company

/s/ Daniel J. Donnellon
Daniel J. Donnellon