```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

THE WESTERN AND SOUTHERN LIFE  :
INSURANCE COMPANY, et al.,     :   NO. 1:11-CV-00667
                               :
    Plaintiffs,               :
                               :
                               :   **OPINION AND ORDER**
    v.                        :
                               :
BANK OF AMERICA, N.A. et al.,  :
                               :
    Defendants.               :

       This matter is before the Court on Plaintiffs' Motion to Remand (doc. 7), Defendants' Response in Opposition (doc. 18), and Plaintiffs' Reply (doc. 20). For the reasons indicated herein, the Court GRANTS Plaintiffs' motion and REMANDS this case to the Hamilton County Court of Common Pleas.

       This case involves Plaintiffs' allegations that Defendants sold them mortgage-backed securities after abandoning disclosed underwriting guidelines (doc. 2). In Plaintiffs' view, the loans were issued based on overstated incomes, inflated appraisals, false verifications of employment, and other departures from disclosed underwriting criteria (Id.). Plaintiffs assert several state claims for violations of securities law, for recission, negligent misrepresentation, and for common-law fraud (Id.).

       At issue before the Court is whether this matter is properly before this Court or should be remanded back to the state

court where Plaintiffs originally filed it, and from which Defendants removed it. Defendants contend this matter is properly before this Court because there exists "related to" bankruptcy jurisdiction, in that some of the underlying mortgage-backed securities are related to bankrupties (doc. 18). Plaintiffs argue that only a tiny fraction of the loans, some 0.13%, were originated by the bankrupt originators, such that it is too attenuated to find "related to" jurisidiction (doc. 20). Moreover, Plaintiffs rely on Allstate Insurance Company v. Credit Suisse, 11-Civ. 2232, 2011 U.S. Dist. LEXIS 120734 (S.D.N.Y. October 19, 2011), in arguing that Bank of America has not filed proofs of claim in the relevant bankruptcy cases, and the bar dates for filing such proofs of claim have passed. In Allstate the court remanded the case to state court after determining that bankruptcy "related to" jurisdiction was inappropriate because the Defendants had not filed with the bankruptcy court any proofs of claim for potential indemnification and the bar date for filing such a claim had expired. Id. The Court further found that even if it did have jurisdiction it should abstain from hearing the case, as the matter involved only state law claims, and the state court was equally capable of adjudicating the matter. Id. Plaintiffs contend they too only assert state law claims, and that under principles of mandatory abstention, the Court should remand even if "related to" bankruptcy jurisdiction exists (doc. 20).

-2-

Having reviewed the parties' briefing, the Court finds this matter extremely similar to Western & Southern v. Morgan Stanley, Case No. 1:11-CV-00576, which the Court remanded to the Hamilton County Court of Common Pleas on December 20, 2011. In its decision the Court cited the Allstate court favorably, in that it rejected defendants' position that their case qualified for "related to" bankrupcty jurisdiction when defendants had not filed proofs of claim and the time the bar date had long since expired. The Court finds the same principle applicable here, and further agrees with Plaintiffs that only a miniscule amount of the loans underlying the offerings were originated by entities in bankruptcy. Such connection appears extremely attenuated to this Court.

Even should the Court's analysis be flawed, a remand is nonetheless appropriate under principles of mandatory abstention. Pursuant to 28 U.S.C. § 1334(c)(2), a district court must abstain from exercising jurisdiction where 1) a complaint is "based on a state law claim or cause of action;" 2) the only asserted basis for federal jurisdiction is bankruptcy "related to" jurisdiction; 3) the action was "commenced in a state forum of appropriate jurisdiction;" 4) the action can be timely adjudicated in state court; and 5) the action is a non-core proceeding. In re Dow Corning Corp., 86 F.3d at 497 (6th Cir. 1996). The only claims at issue in this matter are based on Ohio law, the only basis for federal jurisdiction is bankruptcy "related to" jurisdiction, this

matter was appropriately commenced in the Hamilton County Court of Common Pleas, and this action is a non-core proceeding.  Moreover this Court sees no valid evidence that the state court is not emminently capable of adjudicating this matter in a timely fashion, especially as it is now handling related matters including that which this Court only recently remanded, <u>Western & Southern v. Morgan Stanley</u>, Case No. 1:11-CV-00576.

As such, for these reasons, the Court finds Plaintiffs' motion well-taken in all respects, and rejects Defendants' arguments to the contrary.  Accordingly, the Court GRANTS Plaintiffs' Motion to Remand (doc. 7), and REMANDS this matter back to the Hamilton County Court of Common Pleas for further proceedings.

SO ORDERED.


Dated: December 22, 2011         <u>/s/ S. Arthur Spiegel            </u>
                                 S. Arthur Spiegel
                                 United States Senior District Judge